Zachary Z. Zermay (SBN 330221)
zach@zermaylaw.com
ZERMAY LAW, P.A.
3000 Coral Way, Suite 1115
Coral Gables, FL 33145
Telephone: (305) 767-3529
Facsimile: (844) 894-6204

Ryan L. McBride, Esq. (SBN 297557)
ryan@kazlg.com
Jonathan Gil, Esq. (SBN 347431)
jonathan@kazlg.com
KAZEROUNI LAW GROUP, APC
2221 Camino Del Rio S, Suite 101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for
*Karl Perman and the Putative Classes*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Karl Perman, Individually and on behalf of all others similarly situated;<br><br>    Plaintiff,<br><br>v.<br><br>Passage Health International, "L.L.C." d/b/a International Billing Office;<br><br>    Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF BASED ON:**<br>1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT;<br>2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; AND<br>3. VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT.<br><br>**JURY TRIAL DEMANDED** |

1.      The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act,

1

15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.      The California and Florida Legislature supplemented and buttressed the Fair Debt Collection Practices Act by passing the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* and the Florida Consumer Collection Practices Act. They enacted those laws to protect consumers from both creditors and debt collectors who seek to collect debts through illegal means of threats, intimidation, and coercion. *See*   Cal. Civ. Code § 1788.1(1)(a) ("The Legislature makes the following findings . . . [u]nfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. There is need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the others.

3.      Plaintiff Karl Perman ("Plaintiff") through Plaintiff's attorneys, brings this lawsuit to challenge the actions of Defendant Passage Health International, "L.L.C." d/b/a International Billing Office ("Defendant"), who unlawfully and abusively attempted to collect a debt allegedly owed by Plaintiff. Defendant's conduct caused Plaintiff damages.

4.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

6.      Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7.      Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

**THE PARTIES**

8.      Plaintiff is a natural person who is domiciled in the County of Los Angeles, California. 28 U.S.C. § 1391(c)(1). Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.      Plaintiff is informed and believes, and thereon alleges, that Defendant is an entity whose State of Incorporation and principal place of business is in the County of Broward, State of Florida.

10.      Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by 15 U.S.C. § 1692a(6).

11.      This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

**<u>JURISDICTION AND VENUE</u>**

12.      This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and Florida Consumer Collection Practices Act ("FCCPA") and accordingly, this Court has subject matter jurisdiction. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

13.     This Court is the proper court because Defendant directed its debt collection communications into this district. 28 U.S.C. 1391(b)(2).

## FACTUAL ALLEGATIONS
### Defendants' Misconduct

14.     Defendant is regularly engaged in the collection of medical debts.

15.     On March 17, 2023, Defendant sent the following written communication to Plaintiff:

On Mar 17, 2023, at 1:26 PM, Jack Mir <imir@internationalbillingoffice.com> wrote:

Dear Karl Perman

Passage Health International is an extended business office that manages the billing for Life Support Ambulances Cabo. As a courtesy we have billed your insurance company for the medical services rendered on 11/01/2021.

However, Your insurance company has denied the claim,

As per our last conversation you had stated that you will provide us an update regarding your insurance policy,

If you failed to provide us any information about your insurance, the attached bill will be your personal responsibility

It is important that we receive your cooperation

Regards,

Jack Mir
International Claim Specialist

Office: +1 954 903 7445 X 325
Fax: +1 954 376 6163

Please always forward your responses or inquiries to info@internationalbillingoffice.com This ensures that your e-mails or requests are answered in a timely manner.

Confidentiality Notice: This email is sent in an unsecured format and is not encrypted. Response to this email signifies that you accept any risks involved in unauthorized access to this email and choose to continue communicating with us in this fashion. This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information and/or protected health information (PHI) intended only for the use of the recipient(s) named above and may be subject to protection under HIPAA in the USA, PIPEDA in Canada, GDPR in the European Union and other countries, applicable under international laws. If you are not the intended recipient, or the employee or the agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone at +1 (954) 903-7445.and permanently delete this e-mail and any attachments.

-----------------------------------------------------------------------------------------------------------------------------
Passage Health International, L.L.C. is doing business as (dba) International Billing Office.

16.     In its March 17, 2023 email, Defendant failed to disclose that it is a debt collector and that information obtained from Plaintiff will be used to collect a debt in violation of 15 U.S.C. § 1692e(11). Furthermore, the written communication did not have a California debt collection license number as required by California Civil Code § 1788.11(f).

17.     On April 19, 2023 at 6:24 A.M. PST, Defendant sent Plaintiff the following written communication without a California debt collection license number:

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

From: **Jack Mir** <mir@internationalbillingoffice.com>
Date: Wed, Apr 19, 2023 at 6:24 AM
Subject: Re: Urgent Attention | Pending Bill | Life Support Ambulances
To: k perman <kperman1@gmail.com>

Dear Karl,

We haven't received any payment from Blue Cross Blue Shield,
and please be advised as it has been a long time since the services had been rendered, if the payment is not received in the next 10 days,
The account will be sent to the credit institutions.

Please advise when we can expect a payment,

Thank you,


**Jack Mir**
International Claim Specialist

Office: +1 954 903 7445 X 325
Fax: +1 954 376 6163

Please always forward your responses or inquiries to info@internationalbillingoffice.com This ensures that your e-mails or requests are answered in a timely manner.

Confidentiality Notice: This email is sent in an unsecured format and is not encrypted. Response to this email signifies that you accept any risks involved in unauthorized access to this email and choose to continue communicating with us in this fashion. This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information and/or protected health information (PHI) intended only for the use of the recipient(s) named above and may be subject to protection under HIPAA in the USA, PIPEDA in Canada, GDPR in the European Union and other countries, applicable under international laws. If you are not the intended recipient, or the employee or the agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone at +1 (954) 903-7445,and permanently delete this e-mail and any attachments.

Passage Health International, L.L.C. is doing business as (dba) International Billing Office.

18.     By sending this email at 6:24 A.M. PST, Defendant has violated 15 U.S.C. § 1692c(a)(1) and California Civil Code § 1812.700.

19.     By intentionally or recklessly causing the foregoing emails to be sent, Defendants have harassed Plaintiff in violation of 15 U.S.C. § 1692d, which is incorporated by California Civil Code § 1788 et seq..

20.     Defendant's collection attempts were malicious, despicable, and were done in conscious disregard for the probability that the conduct would result in harm to Plaintiff and others, consciously disregarding Plaintiff's rights.

21.     This conduct was so contemptible that it would be looked down upon and despised by ordinary, decent people. Therefore, Plaintiff is entitled to recovery of exemplary and punitive damages against Defendant.

22.     Due to Defendant's actions, Plaintiff has suffered from immense emotional and mental pain and anguish, including but not limited to, stress, anxiety, headaches, sleepless nights and fear.

23.     As a result of Defendants' intentional breaches and violations of law, Plaintiff now seeks

5

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

compensatory and punitive damages, attorneys' fees and costs, an injunction, pre- and post-judgment

interest, and such further relief as the Court may deem appropriate.

24.     Defendant's acts, as described above, were done intentionally with the purpose of coercing

Plaintiff to pay the alleged debt.

**COUNT I**
**Violations of FDCPA, 15 U.S.C. § 1692 *et seq.***
**(By Plaintiff Individually And On Behalf of All Others Similarly Situated Against Defendant)**

**CLASS ALLEGATIONS**

25.     Plaintiff brings this civil class action on behalf of himself individually and on behalf of all other

similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23.   The

"FDCPA Classes" which Plaintiff seeks to represent is comprised of and defined as follows:

**FDCPA Class**
**All persons within the United States of America from whom Defendant attempted to**
**collect a debt from.**

> **Unusual Time Subclass**
> **All persons within the United States of America from whom Defendant attempted**
> **to collect a debt from and the communication to the person was sent between the**
> **hours of 9:00pm and 8:00am.**

> **Failure to Disclose Subclass**
> **All persons within the United States of America from whom Defendant attempted**
> **to collect a debt from and the communication failed to disclose that Defendant was**
> **a debt collector, Defendant is attempting to collect a debt, and information**
> **obtained will be used for that purpose.**

26.     Defendants, its employees, and agents are excluded from the FDCPA Class.

27.     Plaintiff reserves the right to modify the definition of the FDCPA Class (or add one or more

subclasses) after further discovery.

28.     Plaintiff and all FDCPA Class members have been impacted and harmed by the acts of

Defendants or its affiliates or subsidiaries.

6

29.     This Class Action Complaint seeks injunctive relief and monetary damages.

30.     This action may properly be brought and maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b).  This class action satisfies the numerosity, typicality, adequacy, commonality, predominance, and superiority requirements.

31.     Upon application by Plaintiff's counsel for certification of the FDCPA Class, the Court may also be requested to utilize and certify subclasses in the interests of manageability, justice, or judicial economy.

32.     **Numerosity**.  The number of persons within the FDCPA Class is substantial, believed to amount to thousands of persons dispersed throughout the United States.  It is, therefore, impractical to join each member of the FDCPA Class as a named plaintiff.  Further, the size and relatively modest value of the claims of the individual members of the FDCPA Class renders joinder impractical.  Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

33.     **Typicality.**  Plaintiff's credit card statement was placed into the public record by Defendant.  Consequently, the claims of Plaintiff are typical of the claims of the members of the FDCPA Class, and Plaintiff's interests are consistent with and not antagonistic to those of the other FDCPA Class members he seeks to represent.  Plaintiff and all members of the FDCPA Class have been impacted by, and face continuing harm arising out of, Defendants' violations or misconduct as alleged herein.

34.     **Adequacy.**  As the FDCPA Class representative, Plaintiff has no interests adverse to, or which conflict with, the interests of the absent members of the FDCPA Class, and is able to fairly and adequately represent and protect the interests of such a FDCPA Class.  Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the FDCPA Class and will vigorously pursue those claims.  If necessary, Plaintiff may seek leave to amend this Class Action

Complaint to add additional FDCPA Class representatives or assert additional claims.

35.    **Competency of FDCPA Class Counsel.** Plaintiff has retained and is represented by experienced, qualified, and competent counsel committed to prosecuting this action.  Plaintiff's counsel is experienced in handling complex class action claims.

36.    **Commonality and Predominance.** There are well-defined common questions of fact and law that exist as to all members of the FDCPA Class defined above and predominate over any questions affecting only individual members of the FDCPA Class.  These common legal and factual questions, which do not vary from FDCPA Class member to FDCPA Class member and may be determined without reference to the individual circumstances of any FDCPA Class member, include (but are not limited to) the following:

- Whether Defendant or affiliates, subsidiaries, or agents of Defendants sent uniform correspondence to Plaintiff and the putative class members;

- Whether such correspondence did not include the required information;

- Whether such correspondence was sent between 9:00pm and 8:00am;

- Whether Defendant or affiliates, subsidiaries, or agents of Defendants can meet their burden to show the omission of required information and unusual time of correspondence was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, assuming such an affirmative defense is raised under 15 U.S.C. §1692k(c);

- Whether Defendant or affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future.

37.    **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all FDCPA Class

8

members is impracticable.  Even if every member of the FDCPA Class could afford to pursue individual litigation, the Court system could not.  Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system by causing multiple trials of the same factual issues.  By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and the court system and protects the rights of each member of the FDCPA Class.  Plaintiff anticipates no difficulty in the management of this action as a class action.  FDCPA Class wide relief is essential to compel compliance with the FDCPA.  The interest of FDCPA Class members in individually controlling the prosecution of separate claims is small because the statutory damages in an individual action for violation of the FDCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the correspondence at issue is all automated and the FDCPA Class members, the class could be determined through electronic searches. The FDCPA Class members can be readily located and notified of this class action through Defendant's records and, if necessary, the records of Defendant's clients.

38.     Additionally, the prosecution of separate actions by individual FDCPA Class members would create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the FDCPA Class who are not parties to such adjudications, thereby substantially impairing or impeding the ability of such nonparty FDCPA Class members to protect their interests.  The prosecution of individual actions by FDCPA Class members could further establish inconsistent results and/or establish incompatible standards of conduct for Defendant.

39.     Defendant or any affiliates, subsidiaries, or agents of Defendant have acted on grounds

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

generally applicable to the FDCPA Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the FDCPA Class as a whole appropriate.

40.    Moreover, on information and belief, Plaintiff alleges that the FDCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

41.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.    Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

- 15 U.S.C. § 1692e(11):  failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector;

- 15 U.S. Code § 1692c(a)(1): Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

- 15 U.S. Code § 1692d: Defendant engaged in the conduct of which the natural consequence was to harass, oppress, or abuse Plaintiff and the putative class.

43.    As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, punitive damages, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the FDCPA Class, respectfully requests judgment be entered against Defendants for the following:

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(a) An Order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate FDCPA Class and any subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the FDCPA Class, and appointing the law firms representing Plaintiff as counsel for the FDCPA Class.

(b) An Order declaring Defendant's conduct, as alleged above, was in violation of the FDCPA.

(c) Declaratory judgment that Defendant violated the FDCPA;

(d) Statutory damages against Defendant of $1,000.00 and for Plaintiff and each member of the FDCPA Class pursuant to the 15 U.S.C. § 1692k(a)(2)(A);

(e) Actual damages against Defendant and for Plaintiff and each member of the FDCPA Class pursuant to 15 U.S.C. § 1692k(a)(1);

(f) Punitive damages against Defendant and for Plaintiff and each member of the FDCPA Class; and

(g) Costs and reasonable attorneys' fees against Defendant and for Plaintiff and each member of the FDCPA Class pursuant to 15 U.S.C. § 1692k(a)(3).

**COUNT II**
**<u>Violations of RFDCPA</u>**
**(By Plaintiff Individually And On Behalf of All Others Similarly Situated Against Defendant)**

**<u>CLASS ALLEGATIONS</u>**

44.    **Class Definition**:  Plaintiff brings this civil class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23.  The "RFDCPA Classes" which Plaintiff seeks to represent is comprised of and defined as follows:

**<u>RFDCPA Class</u>**
**All residents with addresses within the State of California who Defendant attempted to collect a debt from.**

11

---

**Unusual Time Subclass**
**All persons with addresses within the State of California from whom Defendant attempted to collect a debt from and the communication to the person was sent between the hours of 9:00pm and 8:00am.**

**Failure to Disclose Subclass**
**All persons with addresses within the State of California from whom Defendant attempted to collect a debt from and the communication failed to disclose that Defendant was a debt collector, Defendant is attempting to collect a debt, and information obtained will be used for that purpose.**

**Failure to Disclose California License Subclass**
**All persons with addresses within the State of California from whom Defendant attempted to collect a debt from and failed to disclose Defendant's California Debt Collection License Number.**

45.     The following people are excluded from the RFDCPA Class: (1) any Judge or Magistrate presiding, over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the RFDCPA Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

46.     **Ascertainability and Numerosity**: The exact number of RFDCPA Class members is unknown to Plaintiff at this time, but on information and belief, there are thousands of people in the RFDCPA Class, making joinder of each individual member impracticable. Additionally, the RFDCPA Class is ascertainable because its members will be easily identified through Defendant's records.

47.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the RFDCPA Class, and those questions predominate over any questions that may affect individual members of the RFDCPA Class. Common questions for the RFDCPA Class include, but are not necessarily limited to the following:

48.     **Typicality**: Plaintiff's claims are typical of the claims of all the other members of

12

49.    the RFDCPA Class. Plaintiff and the RFDCPA Class members sustained substantially similar damages as a result of Defendant's uniform wrongful conduct, based upon the same interactions that were made uniformly with Plaintiff and the RFDCPA Class.

50.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the RFDCPA Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the RFDCPA Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the RFDCPA Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the RFDCPA Class.

51.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the RFDCPA Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the RFDCPA Class to obtain effective relief from Defendant's misconduct. Even if members of the RFDCPA Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions ensured.

52.    Plaintiff incorporates by reference and re-alleges all paragraphs as if fully set forth herein.

53.    Defendants are "debt collectors" under Cal. Civ. Code 1788.2(c) because they the ordinary course of business, regularly collect alleged debt from natural persons.

54.    Plaintiff and members of the RFDCPA Class are "debtors" under Cal. Civ. Code 1788.2(h) because they are natural persons from whom a debt collector seeks to collect a consumer debt that is due and owing or alleged to be due and owing from such person.

55.    On or about March 17, 2023, Defendant emailed Plaintiff collection correspondence.

56.    Substantially similar dunning letters were made to members of the RFDCPA Class.

57.    Defendants violated the RFDCPA. Defendants' violations include, but are not limited to, the following:

- Defendants violated California Civil Code § 1788.11(f) by
    - Sending a written communication to the person that does not display their California debt collection license number of the collector in at least 12-point type.
- Defendants violated California Civil Code § 1812.700
    - Sending a communication between the hours of 9:00 P.M. and 8:00 A.M. to a debtor

58.    Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

59.    Plaintiff believes and thereon alleges that as a proximate result of Defendant's violations, Plaintiff has suffered severe emotional distress.

60.    Defendants' tortious communication described *supra* caused Plaintiff harm including, but not limited to: violations of his statutory rights, statutory damages, has subjected him to annoyance, stress, confusion, stress, and disruption of his peace, and caused a nuisance.

61.    Defendants' tortious communications are continuing in nature and will result in a multiplicity of suits and further injury to Plaintiff of a nature that cannot be adequately compensated by money damages.

62.    As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

63.    Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct establishes Defendant's conscious disregard for Plaintiff's rights and entitles Plaintiff to recover punitive damages from Defendant.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the RFDCPA Class, respectfully requests judgment be entered against Defendants for the following:

(a) An Order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate RFDCPA Class and any subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the RFDCPA Class, and appointing the law firm representing Plaintiff as counsel for the RFDCPA Class;

(b) Determining that this action is a proper class action, certifying Plaintiff as a class representative, and designating this Complaint the operable complaint for class purposes;

(c) Awarding Plaintiff and all class members general, actual, and special damages in an amount to be determined at trial;

(d) Awarding Plaintiff and all class members statutory damages in an amount to be determined at trial pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b); 1788.62;

(e) Awarding Plaintiff and all class members exemplary and punitive damages;

(f) Awarding Plaintiff and all class members such equitable relief as the Court deems necessary or proper, including enjoining Defendant from further violations of the RFDCPA;

(g) Awarding Plaintiff and all class members reasonable attorney's fees in an amount to be proven at the time of trial according to proof, including those awarded pursuant to section 1788.30(c)(1) of the California Civil Code, section 1021.5 of the California Code of Civil Procedure and section 1942.4 of the California Civil Code, and for costs of suit;

(h) Declaratory judgment that Defendants violated the RFDCPA;

(i) Awarding Plaintiff and all class members actual damages against Defendants pursuant to Cal. Civ. Code § 1788.30(a);

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(j)  Awarding cost of suit and reasonable attorneys' fees against Defendants pursuant to the RFDCPA, Cal. Civ. Code § 1788.30(c);

(k)  Awarding pre- and post-judgment interest pursuant to Cal. Civ. Code §§ 3288 and 3291; and

(l)  Awarding any such other relief as the Court may deem just and proper; and

(m) Such other relief that the Court deems just and proper.

## COUNT III
### Violations of the FCCPA
**(By Plaintiff Individually And On Behalf of All Others Similarly Situated Against Defendant)**

## CLASS ALLEGATIONS

## PROPOSED CLASS

64.  **Class Definition**:  Plaintiff brings this civil class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23.  The "FCCPA Class" which Plaintiff seeks to represent is comprised of and defined as follows:

**All persons in the United States to whom Defendant sent an electronic mail communication not known to be returned as undeliverable, (c) between 9 p.m. and 8 a.m. in that person's time zone, (d) in connection with the collection of a consumer debt (e) in the two years prior to the filing of this lawsuit.**

65.  Defendant, its employees or agents, the Court and its staff, counsel for Plaintiff and its staff, and any entity in which Defendant has or had controlling interests are excluded from the FCCPA Class. Plaintiff does not know the exact number of members in the FCCPA Class but believes the FCCPA Class members number in the several thousands, if not more.

## NUMEROSITY

66.  Upon information and belief, Defendant has made debt collection communications or in the alternative is vicariously liable for such communications, at unlawful hours, to thousands of

16

alleged debtors listed throughout the United States without their consent. The members of the FCCPA Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

67.     The exact number and identities of FCCPA Class members are unknown at this time and can be ascertained only through discovery. Identification of the FCCPA Class members is a matter capable of ministerial determination from the Defendant's records.

**COMMON QUESTIONS OF LAW AND FACT**

68.     There are numerous questions of law and fact common to the FCCPA Class which predominate over any questions affecting only individual members of the FCCPA Class. Among the questions of law and fact common to the FCCPA Class are: i. the Defendant's violations of the FCCPA as alleged herein; ii. the Defendant's direct liability for the FCCPA violations or vicarious liability for them, iii. the availability of statutory penalties; and iv. the availability of attorneys' fees and costs.

69.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits debt collection communications between the hours of 9 p.m. and 8 a.m. without prior consent is accurate, Plaintiff and the FCCPA Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

70.     Plaintiff's claims are typical of the claims of the FCCPA Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

71.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the FCCPA Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the FCCPA Class.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## SUPERIORITY

72.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the FCCPA Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the FCCPA Class are in the hundreds of thousands of dollars, the individual damages incurred by each member of the FCCPA Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual FCCPA Class members prosecuting their own separate claims is remote, and, even if every member of the FCCPA Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

73.     The prosecution of separate actions by members of the FCCPA Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for the Defendant. For example, one court might enjoin the Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the FCCPA Class, although certain class members are not parties to such actions.

74.     Plaintiff incorporates by reference and re-alleges all paragraphs as if fully set forth herein.

75.     Plaintiff, individually and on behalf of the FCCPA Class, brings this action against Defendant seeking injunctive relief, statutory and actual damages, costs, and attorneys' fees for its violations of the FCCPA.

76.     Upon information and belief, the Defendant knew it was illegal to communicate with debtors between the hours of 9 p.m. and 8 a.m. when collecting consumer debts like medical debt.

18

77.    Upon information and belief, the Defendant caused similar debt communications to be sent to individuals residing in across the United States between the hours of 9 p.m. and 8 a.m.

78.    Plaintiff never provided Defendant with consent authorizing the Defendant to transmit debt collection communications to Plaintiff between the hours of 9 p.m. and 8 a.m.

79.    As a result of Defendant's violative conduct, Plaintiff's phone chimes at unusual hours of the morning and night.

80.    Defendant's debt collection communications caused Plaintiff and the Class members harm, including statutory damages, inconvenience, stress, disruption of peace, invasion of privacy, aggravation, nuisance, and annoyance.

81.    Plaintiff's phone chimes each time he receives an electronic mail communication because of him need to quickly monitor his communications for family and personal purposes.

82.    As a result of Defendant's violative conduct, Plaintiff's phone chimes at unusual hours of the morning and night and intrudes upon him seclusion and invades his privacy.

83.    As a result of Defendant's violative conduct, Plaintiff's phone displayed the debt collection communication at 6:24 a.m. and coerced Plaintiff to pay a consumer debt, *i.e.*, medical debt.

84.    Defendant's debt collection communications caused Plaintiff and the Class members harm, including statutory damages, inconvenience, stress, disruption of peace, invasion of privacy, aggravation, nuisance, and annoyance.

85.    Defendant's tortious debt collection attempts are continuing in nature and will result in a multiplicity of suits and further injury to Plaintiff and the FCCPA Class members of a nature that cannot be adequately compensated by money damages.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

86.     The Florida Legislature enacted laws, specifically the FCCPA, to protect the consuming public from unlawful debt collection practices.

87.     The applicable statute outlines and enumerates some of the proscribed conduct. *See* § 559.72, Fla. Stat. The FCCPA states that in collecting consumer debts, no person shall:

- Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor.

88.     Defendant did not have Plaintiff's or FCCPA Class member's prior consent to send electronic mail communications outside the hours of between the hours of 9 p.m. and 8 a.m. in their respective time zone.

89.     For reasons stated *supra*, the Defendant violated sections 559.72(17), Florida Statutes.

90.     Defendant claimed that Plaintiff owed a "debt" to the Defendant as that phrase is defined by section 559.55(6), Florida Statutes.

91.     Defendant is a "person" within the meaning of section 559.72, Florida Statutes.

92.     The collection practices of Defendant described *supra* violate the FCCPA, section 559.55, Florida Statutes, *et seq.*

93.     Defendant's conduct has caused Plaintiff's phone to chime at unusual hours, resulting in Plaintiff suffering annoyance, aggravation, stress, and an invasion of his privacy. *Accord In Re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14137 (2003) ("Commission rules restrict telephone solicitations between the hours of 8:00 a.m. and 9:00 p.m. local time at the called party's location. . . . We believe the current calling times strike the appropriate balance between protecting consumer privacy and not unduly burdening industry in their efforts to conduct legitimate telemarketing.").

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the FCCPA Class, prays for relief and judgment as follows:

(a) An Order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the FCCPA Class, and appointing the law firm representing Plaintiff as counsel for the FCCPA Class.

(b) Adjudging and declaring that the Defendant violated section 559.72(17), Florida Statutes;

(c) Awarding Plaintiff and members of the FCCPA Class statutory damages pursuant to section 559.77(2), Florida Statutes;

(d) Awarding members of the FCCPA Class actual damages incurred, as applicable, pursuant to section 559.77(2), Florida Statutes;

(e) Enjoining the Defendant from future violations of section 559.72(17), Florida Statutes with respect to Plaintiff and the FCCPA Class;

(f) Awarding Plaintiff and members of the FCCPA Class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to section 559.77(2), Florida Statutes;

(g) Awarding Plaintiff and the members of the FCCPA Class any pre-judgment and postjudgment interest as may be allowed under the law; and

(h) Awarding other and further relief as the Court may deem just and proper.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

      Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

Dated: March 14, 2024          **ZERMAY LAW, P.A.**

By: _____

          Zachary Z. Zermay, Esq.

Attorneys For Plaintiff

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF